O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL QUINTANA, an individual, | Case No. CV 12-10124 DDP (Rx) |
| Plaintiff, | **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| v. | [Dkt. No. 4 ] |
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., BEAR STERNS MORTGAGE FUNDING TRUST 2007-AR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR3; J.P. MORGAN CHASE BANK, M.A., a National Banking Association; EMC MORTGAGE CORPORATION, a California corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a National Banking Association; OAKTREE FUNDING CORPORATION, a California corporation; QUALITY LOAN SERVICE CORPORATION, a California corporation; CENTURY 21 POWERHOUSE REALITY, a California corporation, | |
| Defendants. | |

Presently before the court is Plaintiff Manuel Quintana's Application for Temporary Restraining Order.

A temporary restraining order ("TRO") is meant to be used only in extraordinary circumstances. To establish entitlement to a TRO, the requesting party must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Defense Counsel, 129 S.Ct. 365, 374 (2008). A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility of irreparable harm, or (2) raises serious questions and the balance of hardships tips in favor of a TRO. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury."[1] Id.

Furthermore, pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order

> without written or oral notice to the adverse party or its attorney *only if*: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

---

[1] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four Winter factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

2

```
        injury, loss, or damage will result to the movant before the
        adverse party can be heard in opposition; and (B) the movant's
        attorney certifies in writing any efforts made to give notice
        and the reasons why it should not be required.
```
Fed. R. Civ. P. 65(b)(1) (emphasis added).

    Plaintiff does not indicate whether he has contacted Defendants, against whom he seeks a TRO. Plaintiff asserts that Defendants "unlawfully foreclosed upon Plaintiff's property" and that they "misappropriated the Property from their possession." (Memorandum at 4, 5.) Plaintiff further asserts that he is "in imminent danger of being evicted from his home" and that he "is in imminent danger of suffering irreparable harm within days." (Memorandum at 7, 8-9.) Although the court agrees that being evicted from a home may well be an irreparable injury, Plaintiff has not provided specific information about the imminence of the eviction. Without more information, the court cannot ascertain a threat of immediate injury that would justify the lack of notice to Defendants, nor can the court determine that the <u>Winter</u> factors have been met.

    Accordingly, Plaintiff's Application for a Temporary Restraining Order is DENIED without prejudice.

IT IS SO ORDERED.


Dated: December 4, 2012

                                             DEAN D. PREGERSON
                                             United States District Judge