O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL QUINTANA, an individual, | ) ) ) | Case No. CV 12-10124 DDP (RZx) |
| Plaintiff, | ) ) | **ORDER DISMISSING CASE** |
| v. | ) ) ) | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., BEAR STERNS MORTGAGE FUNDING TRUST 2007-AR3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR3; J.P. MORGAN CHASE BANK, M.A., a National Banking Association; EMC MORTGAGE CORPORATION, a California corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a National Banking Association; OAKTREE FUNDING CORPORATION, a California corporation; QUALITY LOAN SERVICE CORPORATION, a California corporation; CENTURY 21 POWERHOUSE REALITY, a California corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

1    Plaintiff filed his Complaint in this court on November 27,

2    2012, and an Application for Temporary Restraining Order on

3    November 29, 2012.  The court denied the Application for Temporary

4    Restraining Order.  On March 4, 2013, the court issued an Order to

5    Show Cause Why This Case Should Not Be Dismissed for Lack of

6    Jurisdiction.  Plaintiff requested an extension of time to file a

7    supporting brief in response to the Order to Show Cause, which was

8    granted by the court.  Plaintiff's response deadline was extended

9    from March 14, 2013, to April 17, 2013.  Plaintiff filed no papers

10   until June 14, 2013, when he filed a Request to File First Amended

11   Complaint.  The court granted that request and now dismisses the

12   action.

13       This court has an independent duty to determine whether it has

14   subject matter jurisdiction, regardless whether the parties have

15   raised the issue.  United Investors Life Ins. Co. v. Waddell & Reed

16   Inc., 360 F.3d 960, 966 (9th Cir. 2004). "[W]hen a federal court

17   concludes that it lacks subject-matter jurisdiction, the court must

18   dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546

19   U.S. 500, 514 (2006); Fed. R. Civ. P. 12(c) ("If the court

20   determines at any time that it lacks subject-matter jurisdiction,

21   the court must dismiss the action.").

22       District courts have original jurisdiction "of all civil

23   actions where the matter in controversy exceeds the sum or value of

24   $75,000, exclusive of interest and costs and is between . . .

25   citizens of different States."  28 U.S.C. § 1332(a)(1).  Complete

26   diversity of citizenship is required, meaning each of the

27   plaintiffs must be a citizen of a different state than each of the

28   defendants.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

1    Here, the court finds that both Plaintiff and Defendant Wells

2  Fargo Bank, N.A. ("Wells Fargo") are citizens of California.

3  Several courts in this Circuit have held that a national banking

4  association is a citizen of the state where its principal place of

5  business is located.  See, e.g., Taheny v. Wells Fargo Bank, N.A.,

6  878 F. Supp. 2d 1093, (E.D. Cal. 2012); Singer v. Wells Fargo Bank,

7  N.A., No. SACV 12-801, 2012 WL 2847790 (C.D. Cal. July 11, 2012);

8  Rouse v. Wachovia Mortg., FSB, No. EDCV 11-00928, 2012 WL 174206

9  (C.D. Cal. Jan. 13, 2012).  These courts have therefore concluded

10  that Wells Fargo is a citizen of California.  See, e.g., Taheny,

11  878 F. Supp. 2d at 1094; Singer, 2012 WL 2847790, at *5; Rouse,

12  2012 WL 174206, at *14; Raifman v. Wachovia Securities, LLC, No. C

13  11-02885 SBA, 2012 WL 1611030 at *1 (N.D. Cal. May 8, 2012).  This

14  court agrees with these well-reasoned decisions.

15    Additionally, Ruzicka & Wallace, LLP, identified as a

16  California Corporation, is a citizen of California, thus

17  independently defeating diversity jurisdiction.  (FAC ¶ 15.)

18    Because Plaintiff and Defendants Wells Fargo and Ruzicka &

19  Wallace are citizens of California, the parties are not completely

20  diverse.   This court therefore lacks subject matter jurisdiction

21  over this action under diversity jurisdiction.

22    Under 28 U.S.C.A. § 1331, "[t]he district courts shall have

23  original jurisdiction of all civil actions arising under the

24  Constitution, laws, or treaties of the United States."  "Under the

25  longstanding well-pleaded complaint rule, however, a suit 'arises

26  under' federal law only when the plaintiff's statement of his own

27  cause of action shows that it is based upon federal law."  Vaden v.

28

1  <u>Discover Bank</u>, 556 U.S. 49, 60 (2009) (internal quotation marks and

2  citation omitted).

3      Here, none of Plaintiff's causes of action is brought under

4  federal law.  Plaintiff references a Consent Judgment in <u>United</u>

5  <u>States of America, et al., v. Bank of America Corp., et al.</u>, United

6  States District Court No. 12-0361 in the context of his eleventh

7  cause of action, which alleges fraud and deceipt by Defendants

8  under California common law.  (FAC ¶¶ 20-21, 158.)  Whether a

9  federal consent decree was violated is an issue governed by federal

10 law.  <u>Abadam v. State of Hawaii</u>, 248 F.3d 1169 (9th Cir. 2000).

11 Likewise, an attempt to enforce a federal consent decree is a

12 "claim 'arising under' federal law."  <u>Id.</u>  Here, however, the

13 action will not require the court to interpret or enforce the

14 Consent Judgment, so the reference to the consent judgment does not

15 create a federal question.

16     Accordingly, this matter is DISMISSED.

17

18 IT IS SO ORDERED.

19

20

21 Dated: August 12, 2013

                                    DEAN D. PREGERSON
22                                  United States District Judge

23

24

25

26

27

28